UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROQUE ANTHONY ANDERSON,<br><br>    Petitioner,<br><br>v.<br><br>SAN BERNARDINO COUNTY SHERIFF DEPARTMENT,<br><br>    Respondent. | Case No. 5:23-cv-01173-JAK-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF EXHAUSTION AND/OR LACK OF JURISDICTION |

## I.

## INTRODUCTION

On June 5, 2023, the Court received from Petitioner Broque Anthony Anderson ("Petitioner") a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.[1] (Dkt. 1 ["Petition"].) Petitioner challenges

---

[1] Petitioner signed the Petition on June 2, 2023. (Dkt. 1 at 8.) It appears that Petitioner was not incarcerated on this date, making him ineligible to receive the benefit of the prison mailbox rule. On the one hand, he provided a "new address" of 9438 Commerce Way, Adelanto, California, which is the address of the High Desert Detention Center. (Dkt. 1 at 1.) On the other hand, in unrelated civil

1

his March 2022 convictions in San Bernardino County Superior Court ("SBSC") case no. FWV21003849 for violating California Penal Code section 459 (burglary). (Dkt. 1 at 1.) Petitioner was convicted of burglarizing PBK Architectural Firm and Sola Salon. See https://www.courts.ca.gov/opinions/nonpub/E079027.PDF (California Court of Appeal's opinion on direct appeal in case no. E079027).

He raises the following three claims for relief:

<u>Claim One</u>: "Legality of Conviction being Unconstitutional." (Dkt. 1 at 5.) Petitioner contends that the evidence presented at his trial consisted of "conjecture, surmise, speculation, and non-factual opinions." (<u>Id.</u>) The Court liberally construes this as a due process claim that insufficient evidence supports his convictions.

<u>Claim Two</u>:  Trial counsel rendered ineffective assistance. (<u>Id.</u>)

<u>Claim Three</u>:  There was insufficient evidence that Petitioner entered the premises of PBK Architectural Firm with intent to commit burglary. (<u>Id.</u> at 6.)

Under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Because it appears that Petitioner (1) has not exhausted all his claims by presenting them in a procedurally acceptable way to the California Supreme Court and (2) may no longer be "in custody" for purposes of satisfying the jurisdictional requirements of 28 U.S.C. § 2254(a), the Court issues this order to show cause ("OSC") why the Petition should not be summarily dismissed.

---

litigation, Plaintiff filed a document dated June 3, 2023, using a return address in Claremont, California indicating that Petitioner was not in custody then. See Anderson v. San Bernardino County, et al., case no. 5:22-cv-02125-JAK-KES, Dkt. 21 (C.D. Cal.).  The Petition has the same Claremont return address and was postmarked in Upland, California, on June 2, 2023.  (Dkt. 1 at 11.)

## II.
## PROCEDURAL HISTORY

### A. Federal Proceedings.

Petitioner filed a previous federal habeas petition challenging these same burglary convictions. See Anderson v. San Bernardino County Sheriff Department, case no. 5:22-cv-01406-JAK-KES (C.D. Cal.) ("Anderson I"). In September 2022, the Court dismissed Anderson I without prejudice as unexhausted, noting that Petitioner's direct appeal was still in progress.

### B. State Court Proceedings.

After a SBSC jury convicted Petitioner in March 2022, he pursued a direct appeal challenging the sufficiency of the evidence. (Dkt. 1 at 2-3.) On June 8, 2023, the California Court of Appeal issued an unpublished decision affirming his convictions. See https://www.courts.ca.gov/opinions/nonpub /E079027.PDF.

On June 21, 2023 (or possibly on June 12, 2023), Petitioner filed a petition for review with the California Supreme Court in case no. S280456.[2] As of the date of this OSC, that petition remains pending per the California Supreme Court's website.

Petitioner says that he filed a petition for review in California Supreme Court case no. S75145 that was denied on June 20, 2022. (Dkt. 1 at 3.) But this filing was actually a state habeas petition and the same state court decision that he attempted to rely on in Anderson I to show exhaustion. As the Court previously explained, the California Supreme Court's denial of this habeas petition based on People v. Duvall, 9 Cal.4th 464, 474 (1995) and In re Swain, 34 Cal.2d 300, 304 (1949) did not accomplish exhaustion.[3] (Anderson I, Dkt. 9.)

---

[2] The California Court of Appeal's online docket and the California Supreme Court's website list different filing dates for this petition.

[3] A Duvall denial generally means the petitioner failed to include copies of reasonably available documentary evidence. A Swain denial generally means the

1   Petition says that he filed another petition for review in California Supreme
2   Court case no. S276626. (Dkt. 1 at 3.) According to the California Supreme
3   Court's website, that filing was really a habeas petition filed on September 28,
4   2022. The petition was again denied for reasons including Duvall and Swain, such
5   that it appears unlikely to have accomplished exhaustion. See
6   https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=24
7   03988&doc_no=S276626&request_token=NiIwLSEmLkw5W1BVSCNNSExJUFg
8   0UDxTJCM%2BXzhSUCAgCg%3D%3D.

    As for Petitioner's ineffective assistance of counsel ("IAC") claim, he did not
raise it on direct appeal. Petitioner alleges that he filed a habeas petition at the
SBSC in May 2022 raising an IAC claim, which was denied in June 2022. (Dkt. 1
at 5.) Petitioner then presented an IAC claim to the California Supreme Court in
his habeas petition denied on July 20, 2022. (Id. at 3.) As discussed above, the
July 20, 2022 Swain-Duvall denial did not accomplish exhaustion.

### III.
### LEGAL STANDARDS

**A.    Exhaustion.**

All claims in a federal habeas petition must be "exhausted" before a federal court may grant the petition. 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 522 (1982). To exhaust a claim, the petitioner must "fairly present" the claim to the state courts, to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995). To be properly exhausted, the claim must be "fairly presented" to the highest court in a state court system, even if that court's review is discretionary.

---

petitioner failed to allege facts with sufficient particularity. Because both of these pleading defects can often be cured by amendment, a Duvall-Swain denial does not accomplish exhaustion. (Anderson I, Dkt. 9.)

4

O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). For a petitioner in California state custody, this generally means that the petitioner must have presented his claims to the California Supreme Court in a procedural posture that would permit review. Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999); see also Carey v. Saffold, 536 U.S. 214, 221 (2002) (noting that, although "California's 'original writ' system" does not "technically speaking" require a habeas petitioner to begin with the Superior Court and then proceed to the California Court of Appeal and California Supreme Court, "California's habeas rules lead a prisoner ordinarily to file a petition in a lower court first ... and later seek appellate review in a higher court....").

A petitioner has the burden of demonstrating that he has exhausted his claims in state court. Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

**B.      Grounds for Requesting a Stay.**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to a federal court within the one-year period cannot be raised later. 28 U.S.C. § 2244(d). Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a § 2254 petition to allow a petitioner to exhaust his claims in state court without running afoul of AEDPA's one-year statute of limitations period. Id. at 273-75. A district court may stay a petition if: (1) the petitioner has good cause for his failure to exhaust his claims; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. Id. at 278.

Alternatively, if at least one claim is exhausted, the Court may grant a stay under Kelly v. Small, 315 F.3d 1143 (9th Cir. 2003), which does not have the Rhines "good cause" requirement. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A Kelly stay and abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his

unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner must subsequently seek to amend the federal habeas petition to reattach "the newly exhausted claims to the original petition." Id. at 1135. Under Kelly, however, the petitioner is only allowed to amend newly exhausted claims back into his federal petition if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending petition. Id. at 1140-41; see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005).

## C. AEDPA's "In Custody" Requirement for Federal Habeas Jurisdiction.

AEDPA gives district courts jurisdiction to entertain § 2254 petitions challenging a judgment of conviction only for persons who are "in custody" for the conviction when the petition is filed. 28 U.S.C. § 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed.").

A petitioner may be "in custody" because he is still incarcerated serving his sentence. A petitioner is also "in custody" for the purposes of habeas jurisdiction "while he remains on probation." Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005). However, the petitioner must be in custody "for purposes of the conviction he is challenging"; if he is in custody pursuant to a different conviction or arrest, then his custody would not support habeas jurisdiction to challenge his March 2022 burglary convictions. See Woodall v. Beauchamp, 450 F. App'x 655, 657 (9th Cir. 2011).

Any petition filed in the federal court must allege facts establishing subject-matter jurisdiction. 28 U.S.C. § 2242 (petitioner shall allege facts about petitioner's commitment or detention, the name of the person having custody over him and by virtue of what claim or authority, if known).

# IV.
# DISCUSSION

**A. <u>Exhaustion</u>.**

To this extent that Petition relies on his direct appeal to exhaust Claims One and Three, it appears that his direct appeal remains pending. The California Supreme Court has not yet denied his petition for review in case no. S280456.

If Petitioner relies on his habeas petitions filed with the California Supreme Court to exhaust any of his claims, those appear insufficient to accomplish exhaustion. Those petitions were (1) filed while Petitioner's direct appeal was still pending, raising the same or similar "insufficiency of the evidence" claims as his direct appeal and (2) denied with <u>Duvall-Swain</u> citations indicating that Petitioner could amend his filings.

**B. <u>Jurisdiction</u>.**

Based on filings in Petitioner's civil rights lawsuits, the Court is aware that he was released from physical custody in or about March of 2023. Nothing in the Petition states that in June 2023, Petitioner was on probation or otherwise subject to supervision due to his March 2022 burglary convictions.

# V.
# CONCLUSION

IT IS HEREBY ORDERED that, on or before **July 26, 2023**, Petitioner is ordered to show cause why the Petition should not be dismissed without prejudice as unexhausted or for lack of jurisdiction. In response to this OSC, Petitioner should do **one** of the following:

(1) Voluntarily dismiss the Petition without prejudice; or

(2) File a written response to this OSC explaining (a) when/how Petitioner contends that all three of his claims were exhausted and (b) why/how Petitioner was "in custody" when he filed the Petition; or

(2) File (a) a written response to this OSC explaining why/how Petitioner

7

was "in custody" when he filed the Petition and (b) a motion to stay this action under Rhines or Kelly, consistent with the legal standards discussed above.

Failure to timely respond to this OSC may result in the dismissal of this case for failure to prosecute and/or failure to comply with court orders. Petitioner may wish to call the pro se clinic to schedule an appointment for free legal assistance. The pro se clinic at the federal courthouse in Riverside, California, may be reached at 951-682-7968.

DATED: June 26, 2023

/s/ Karen E. Scott
KAREN E. SCOTT
United States Magistrate Judge